Diallo v. Garland

BIA
Hochul, IJ
A208 745 180

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-three.

PRESENT:
> DENNIS JACOBS,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

ABIDINA DIALLO,
> *Petitioner,*

v.                                                                                          **20-2834**
                                                                                            **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Abidina Diallo, *pro se*, Bronx, N.Y.

FOR RESPONDENT:                    Brian Boynton, Acting Assistant Attorney
                                   General; Cindy S. Ferrier, Assistant Director;
                                   Kimberly A. Burdge, Trial Attorney, Office of
                                   Immigration Litigation, United States
                                   Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abidina Diallo, a native and citizen of Guinea, seeks review of an August 3, 2020 decision of the BIA denying his motion to remand and affirming a July 27, 2018 decision of an Immigration Judge ("IJ"), which denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Abidina Diallo*, No. A208 745 180 (B.I.A. Aug. 3, 2020), *aff'g* No. A208 745 180 (Immigr. Ct. Buffalo, N.Y. July 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and its legal conclusions, including constitutional

2

claims, de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *see also Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B). We review the denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 156 (2d Cir. 2005) ("A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen."); *see also Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (motion to reopen reviewed for abuse of discretion). An abuse of discretion may be found if the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir. 2005) (per curiam) (internal quotation marks and citation omitted).

We deny the petition. As an initial matter, Diallo failed to exhaust any challenge to the IJ's denial of asylum, withholding of removal, and CAT protection. We have held that petitioners must raise to the BIA any specific issues that they later seek to address in this Court. *See Lin Zhong v. U.S. Dep't of Just.*,

3

480 F.3d 104, 119–20 (2d Cir. 2007); *see also Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (per curiam). Diallo's prior counsel's brief statements in the Notice of Appeal to the BIA were insufficient to preserve a challenge to the IJ's denial of relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (where a petitioner "devotes only a single conclusory sentence to the argument," we deem the "claim abandoned and do not consider it.").

We find no abuse of discretion in the agency's denial of the motion to remand. The BIA has "broad discretion" when deciding whether to grant a motion to remand for new evidence. *INS v. Doherty*, 502 U.S. 314, 323 (1992) (internal quotation marks and citation omitted). "Permissible reasons to deny such a motion include (1) the movant's failure to make a prima facie case of eligibility for asylum; (2) the movant's failure to comply with the requirement of 8 C.F.R. § 3.2(c)(1) that his motion articulate material, previously unavailable evidence that would be introduced at a new hearing; or (3) a determination that even if the applicant were eligible, asylum would be denied in the exercise of discretion." *Li Yong Cao*, 421 F.3d at 156; *see also INS v. Abudu*, 485 U.S. 94, 104–05 (1988). The movant bears a "heavy burden of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Li Yong Cao*, 421 F.3d

4

at 156 (internal quotation marks and citation omitted).

Here, Diallo moved the BIA in May 2020 to remand based on evidence that he was a member of the political party, the Union of Democratic Forces of Guinea in the Bronx, country conditions, which indicated that the Guinean government was arresting and harming members of that party, that his brother had been arrested and harmed for his membership in the same party, and that officials had searched his family home and indicated that they were interested in Diallo. The agency did not err in finding that Diallo did not establish either that this evidence was previously unavailable, that conditions in Guinea had materially worsened since his July 2018 hearing, or that the evidence related to Diallo's own likelihood of harm such that it would likely change the outcome of the case. *Li Yong Cao*, 421 F.3d at 156 (noting that the agency may deny a motion if new evidence is not material or was not previously unavailable and that movant must show evidence would likely have changed the outcome).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5